■ In the Matter of VICTORIA GINDI, Respondent, against ROBERT C. WEAVER, as State Rent Administrator, Appellant.— On October 20, 1955, the local rent administrator in Brooklyn issued a certificate to respondent, the owner of a two-family house, permitting her to evict the tenant of the lower apartment solely for use and occupancy by respondent's daughter and her family. On November 16, 1955, the tenant filed a protest. By letter, dated December 22, 1955, received at the office of the local rent administrator on December 27, 1955, respondent returned the certificate of eviction because, she claimed, circumstances had changed so that the apartment of which possession was sought would not be used for the purpose specified in the certificate. Apparently, respondent did not notify the tenant of the surrender of the certificate. By letter, dated December 30, 1955, and received by respondent the next day, the tenant notified respondent that the tenant would vacate the premises on December 31, 1955, by reason of the certificate of eviction and that, unless the apartment were used for the purpose set forth in the certificate, the tenant would avail herself of all the rights and remedies to which she might be entitled under applicable law. The tenant moved on December 31, 1955. On January 12, 1956, the State Rent Administrator dismissed the tenant's protest because the issue as to the certificate of eviction had become moot, and also ordered that the apartment remain subject to the Rent and Eviction Regulations on the ground that the tenant had not removed voluntarily since the removal was after the issuance of a certificate of eviction. (See State Rent Administrator's Opinion No. 104, Sept. 7, 1954.) In this proceeding, Special Term (a) granted respondent's application to set aside that part of the State Rent Administrator's order of January 12, 1956, which provides that the apartment remains subject to rent control; (b) denied said Administrator's

application to remit the proceeding to himself for hearing as to whether or not the removal of the tenant was voluntary; (c) held that there was no evidence to sustain the finding of the Administrator that the removal of the tenant was not voluntary, and (d) held that the apartment is no longer subject to rent control. Order modified by striking out the fourth and fifth ordering paragraphs (with respect to [c] and [d], *supra*). As so modified, order unanimously affirmed, without costs. With the dismissal by the State Rent Administrator of the tenant's protest from the order of the local rent administrator issuing the certificate of eviction on the ground that the proceeding with respect thereto had become moot, there was nothing pending before the State Rent Administrator upon which to make an adjudication. No application had been made for an opinion or other determination as to the exemption of the apartment from rent control in the future. The State Rent Administrator may not render an opinion in a specific case or make a ruling when no necessity therefor exists or where the necessity therefor may never eventuate. (State Rent and Eviction Regulations, § 117, subd. 2.) The State Rent Administrator may determine on a subsequent application, if the necessity arises, whether the apartment is subject to rent control. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.